IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MANUEL CHAVARRIA-QUEZADA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Civil Case No. 2:16-CV-1294 TS<br>Criminal Case No. 2:15-CR-625 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I.  BACKGROUND

Petitioner was charged with reentry of a previously removed alien on October 29, 2015. Petitioner pleaded guilty on February 8, 2016. As part of his plea agreement, Petitioner agreed to waive certain appeal and collateral appeal rights. Petitioner was sentenced on March 1, 2016. Petitioner did not file a direct appeal. He timely filed the instant Motion on December 29, 2016.

II.  DISCUSSION

Petitioner's Motion raises a single claim for ineffective assistance of counsel. Petitioner argues that his counsel was ineffective for failing to file an appeal after being instructed to do so. In response, the government argues that Petitioner's claim is barred by the collateral appeal waiver contained in Petitioner's plea agreement.

As part of his plea agreement, Petitioner waived the right to challenge his sentence on appeal, except in narrow circumstances, and "in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255, except on the basis of ineffective assistance of counsel."[1]

The Tenth Circuit has established a three-part test based upon contract principles to interpret appeal waivers.[2] The Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[3]

First, the Court finds that the dispute falls within the scope of the waiver contained in Petitioner's plea agreement. Petitioner agreed to waive his ability to challenge his sentence in any collateral review motion, including a motion brought under § 2255, except on the basis of ineffective assistance of counsel. Petitioner argues that since his claim is one for ineffective assistance, it is not barred by the collateral appeal waiver. Petitioner specifically relies on *United States v. Cockerham*,[4] to support his argument.

The Court cannot read the exception to the waiver quite so broadly. In *Cockerham*, the Tenth Circuit held "that a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the

---

[1] Case No. 2:15-CR-625 TS, Docket No. 20 ¶ 12(A)(2)(b).

[2] *United States v. Hahn*, 359 F.3d 1315, 1324–25 (10th Cir. 2004) (*en banc*) ("[C]ontract principles govern plea agreements.").

[3] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *Hahn*, 359 F.3d at 1325).

[4] 237 F.3d 1179 (10th Cir. 2001).

2

validity of the plea or the waiver."[5] However, "[c]ollateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable."[6] The Tenth Circuit has specifically held that claims like the one raised by Petitioner may fall within a collateral appeal waiver, when the government seeks to enforce that waiver.[7] It is within this context that the collateral appeal waiver must be considered. While the language of the exception to the waiver is quite broad, it appears that it was designed to allow for claims challenging the validity of the plea or the waiver, as set forth in *Cockerham*. Thus, the collateral appeal waiver would allow Petitioner to assert ineffective assistance claims that challenge the validity of the plea or waiver, but it cannot be read so broadly as to permit claims of ineffective assistance of counsel that do not challenge the validity of the plea or the waiver. Since Petitioner's claim does not challenge the validity of the plea or the waiver, the Court concludes that it falls within the scope of the waiver.

Second, the Court finds that Petitioner knowingly and voluntarily waived his appellate rights. The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[8] In determining whether an appellate waiver is knowing and voluntary, the Court looks at: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[9] and (2) whether there was "an

---

[5] *Id.* at 1187.

[6] *Id.*

[7] *United States v. Viera*, 674 F.3d 1214, 1218–19 (10th Cir. 2012) ("We are satisfied that the plea agreement waived Mr. Viera's ineffective assistance claim because counsel's alleged failure to file an appeal does not undermine the validity of the plea or the waiver.").

[8] *Hahn*, 359 F.3d at 1328.

[9] *Id.* at 1325.

adequate Federal Rule of Criminal Procedure 11 colloquy."[10] Having carefully reviewed the plea agreement and the plea colloquy, the Court finds that Petitioner's collateral appeal waiver was knowing and voluntary, and Petitioner makes no arguments to the contrary.

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[11]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[12]

Petitioner bears the burden of establishing a miscarriage of justice.[13]

Petitioner does not raise any of these factors in his Motion and there is nothing in the record to support such a finding. Therefore, the Court finds that enforcing the waiver would not result in a miscarriage of justice. As a result, the Court will enforce Petitioner's waiver and will dismiss his Motion.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:16-CV-1294 TS) is DENIED. It is further

---

[10] *Id.* (internal citations omitted).

[11] *Id.* at 1327 (internal citations omitted).

[12] *Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[13] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.  It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:16-CV-1294 TS forthwith.

DATED this 23rd day of March, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge