IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MANUEL CHAVARRIA-QUEZADA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT<br><br>Civil Case No. 2:16-CV-1294 TS<br>Criminal Case No. 2:15-CR-625 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion for Relief from Judgment. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Petitioner was charged with reentry of a previously removed alien on October 29, 2015. Petitioner pleaded guilty on February 8, 2016. As part of his plea agreement, Petitioner agreed to waive certain appeal and collateral appeal rights. Petitioner was sentenced on March 1, 2016. Petitioner did not file a direct appeal.

Petitioner timely filed a motion under 28 U.S.C. § 2255 on December 29, 2016. Petitioner asserted a single claim: that his counsel was ineffective for failing to file an appeal after being instructed to do so. In response, Respondent sought to enforce the collateral appeal waiver in Petitioner's plea agreement. On March 23, 2017, the Court dismissed Petitioner's § 2255 motion based on the presence of the collateral appeal waiver. Petitioner now seeks relief from the Court's judgment under Federal Rule of Civil Procedure 60(b).

1

## II.  DISCUSSION

The Tenth Circuit Court of Appeals has provided the "steps to be followed by district courts . . . when they are presented with a Rule 60(b) motion in a habeas or § 2255 case."[1] The Court must first determine whether the motion is a true Rule 60(b) motion or a second or successive petition.[2] If the motion is a true motion, the Court rules on it as it would any other Rule 60(b) motion. "If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the Tenth Circuit] for authorization . . . ."[3]

A Rule 60(b) "motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[4]

> Conversely, it is a "true" Rule 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.[5]

In some cases, a motion may be "mixed," "containing both true Rule 60(b) allegations and second or successive habeas claims."[6] In that case, "the district court should (1) address the merits of the true Rule 60(b) allegations as it would the allegations in any other Rule 60(b) motion, and (2) forward the second or successive claims to [the Tenth Circuit] for authorization."[7]

---

[1] *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).
[2] *Id.*
[3] *Id.* at 1217.
[4] *Id.* at 1215.
[5] *Id.* at 1215–16 (citation omitted).
[6] *Id.* at 1217.
[7] *Id.*

As stated, the Court dismissed Petitioner's § 2255 motion based on the collateral appeal waiver contained in his plea agreement. The Tenth Circuit has held that "a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition."[8] "Thus, for example, a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion."[9]

Because the Court did not reach the merits of Petitioner's § 2255 motion and found it to be barred by the collateral appeal waiver, Petitioner's Motion is largely a "true" 60(b) motion. However, certain portions of Petitioner's Motion reassert Petitioner's original claim for relief. For those portions, the Court must determine whether to refer the matter to the Tenth Circuit for authorization to file a second or successive petition. Because Petitioner's Motion is mixed, the Court will first address the merits of his true Rule 60(b) arguments and will then consider whether transfer is in the interests of justice.

Rule 60(b) permits a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence . . . ;
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[10]

---

[8] *Id.* at 1216.

[9] *Id.*

[10] Fed. R. Civ. P. 60(b).

3

Petitioner does not point to any subsection of Rule 60(b) upon which his Motion rests. Petitioner provides no newly discovered evidence, nor does he allege fraud or that the judgment is void. Similarly, Rule 60(b)(5) does not apply. Therefore, the Court considers Petitioner's Motion under Rule 60(b)(1) and 60(b)(6).

The "mistake" provision of Rule 60(b)(1) can apply "where the judge has made a substantive mistake of law or fact in the final judgment or order."[11] Rule 60(b)(6) allows the Court to grant relief for "any other reason that justifies relief." However, Rule 60(b) applies "only in extraordinary circumstances and only when necessary to accomplish justice."[12]

Petitioner points to no mistake of law or fact in the Court's prior Order. To be sure, Petitioner challenges the Court's decision to dismiss his § 2255 motion based on the collateral appeal wavier, but Petitioner fails to identify a substantive mistake of law or fact in the Court's analysis. The Court correctly evaluated Petitioner's collateral appeal waiver applying the factors identified by the Tenth Circuit in *United States v. Hahn*.[13] Petitioner does not quarrel with the Court's application of those factors, only the Court's conclusion that his claim fell within the scope of the collateral appeal waiver. But "Rule 60(b) is not intended to be a substitute for a direct appeal."[14] Moreover, Petitioner has failed to identify any extraordinary circumstances that would justify relief under Rule 60(b). Thus, Petitioner's argument fails under Rule 60(b).

---

[11] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).

[12] *Id.* at 579.

[13] 359 F.3d 1315, 1324–25 (10th Cir. 2004) (*en banc*).

[14] *Cashner*, 98 F.3d at 576.

Petitioner also argues that the Court erred by failing to conduct an evidentiary hearing on his substantive claim. However, a hearing was not required on Petitioner's substantive claims because the record conclusively showed that Petitioner's claim was barred by the collateral appeal waiver in his plea agreement.[15] Thus, the failure to conduct an evidentiary hearing does not entitled Petitioner to relief.

Petitioner not only challenges the Court's procedural ruling, he also restates the claim contained in his original § 2255 motion. Additionally, for the first time, Petitioner argues that his guideline range was incorrectly calculated. Because these claims assert a federal basis for relief from Petitioner's prior conviction, the Court must treat these portions of his Motion as a second or successive § 2255 motion.

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[16] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the court of appeals] has granted the required authorization."[17] However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[18]

---

[15] 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").

[16] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[17] *Id.* at 1251.

[18] *See* 28 U.S.C. § 1631.

The Tenth Circuit has identified factors a court should consider in determining whether it is in the interest of justice to transfer a second or successive § 2255 motion. These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[19]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Petitioner's Motion. Therefore, the Court declines to do so.

### III. CONCLUSION

It is therefore

ORDERED that Petitioner's Motion for Relief from Judgment (Docket No. 9) is DENIED.

DATED this 1st day of November, 2017.

BY THE COURT:

Ted Stewart
United States District Judge

---

[19] *In re Cline*, 531 F.3d at 1251.